FAIUMU MANA and SIALO'I FESILI, both of Masefau, Plaintiffs

v.

TALO, TAAMAI and TALAEAI, all of Masefau, Defendants

No. 171-1964

High Court of American Samoa

Civil Jurisdiction, Trial Division

April 7, 1965

Fesili, Counsel for Mana and himself.

Alfred J. Gergely and Fofo, Counsel for Talo, Taamai and Talaeai and the Government of American Samoa.

OPINION OF THE COURT

MORROW, *Chief Justice.*

On July 30, 1964, Talo, Taamai and Talaeai deeded certain land in the village of Masefau to the Government of American Samoa for a consolidated school site. On August 10, 1964, the Government filed its application to have the deeded land registered as the property of the Government "with the condition that if at any time after thirty (30) years the Government ceases to use the real property for educational school purposes the property shall revert after one (1) year of non-use for educational purposes to the original grantors." A similar condition was in the deed to the Government. Faiumu Mana filed an objection to the proposed registration, claiming that the deeded land was the property of the Mana Family. Sialo'i Fesili also filed an objection claiming that part of his land was included in the deeded property.

The Government filed a survey of the deeded land with the application to register. Prior to the hearing the Court viewed the land involved in the presence of the Samoan parties.

The evidence is very clearly to the effect that the part of the land deeded by Talaeai had been in the possession of his family for many, many years prior to the execution of the deed (certainly since about 1920 at which time Mana testified that the Mana had given the land to the Talaeai), that his family had had plantations on it during that time and had taken the fruits from it without objection from the Mana Family. The evidence also showed that in 1929

669

the Talaeai had given permission to Masefau Village to have its school house on part of the land deeded by Talaeai, and that the school house was used by the village up to 1964 when it was taken down, the village agreeing that Talaeai could have the lumber from the building because it had been on his family's land.

The evidence also clearly established that the part of the land deeded to the Government by Taamai had been in the possession of his family for many, many years prior to the execution of the deed and that his family had used the fruits of such land during all of that time.

The evidence also clearly established that the part of the land deeded by Talo had been in the possession of his family for many, many years and that during that time the Talo Family had used the fruits of the land.

The evidence also clearly established that the Talo people had cleaned the land deeded by the Talo for many years; that likewise the Taamai people had cleaned the land deeded by Taamai for many years; that likewise the Talaeai people had cleaned the land deeded by Talaeai for many years.

The evidence indicated clearly that when the survey of the deeded land was being made, Fesili objected to a line being run by the surveyor and that the surveyor moved the line back so that Fesili had no objection.

The testimony of Mana himself clearly establishes that the deeded land was the property of the grantors when they made their deed to the Government. He testified that the parts deeded by Talo and Taamai had been given to their predecessors in title by his predecessor in title long before the Government was established which was in 1900. He further testified that another of his predecessors in title had given the part deeded by Talaeai to Talaeai's predecessor in title about 1920. Mana also testified that Talo and Taamai had used the land given to them since

before the Government was established and that Talaeai had used the land given to him after the Government was established.

Mana further testified that after the gifts were made, the Mana people (Faiumu Mana and Sialo'i Fesili are both members of the Mana Family) never made any claim of ownership of the property so given until the deed to the Government was executed.

 If we were to consider the testimony of Mana alone we could come to no other conclusion than that the land conveyed to the Government was the property of the three grantors. As before indicated Mana testified that this land had been given to the grantors' predecessors in title by his predecessors in title. If it was so given, it became the property of the donees and they could convey it to the Government. The donor had no right to reclaim ownership of the land merely because of disapproval of the deed given by the donees to the Government.

 The testimony of the witnesses for the three grantors and the Government leads to only one conclusion and that is that this deeded property was the property of the grantors at the time of the execution of the deed to the Government. It follows, therefore, that the deeded land should be registered as the property of the Government subject to the condition contained in the deed to it.

### DECREE

Accordingly it is hereby ORDERED, ADJUDGED AND DECREED that the following land be registered as the property of the Government of American Samoa:

Beginning at a concrete monument which has coordinates Y=314,477.03 and X=277,238.65, American Samoa Datum 1962; thence running from said point of beginning on azimuth 342°29'47" a distance of 277.30 feet; thence on azimuth 238°29'30" a distance of 199.81 feet; thence on azimuth

671

221°55′33″ a distance of 129.05 feet; thence on azimuth 154°20′18″ a distance of 64.62 feet; thence on azimuth 66°18′35″ a distance of 121.53 feet; thence on azimuth 153°17′31″ a distance of 24.53 feet; thence on azimuth 153°26′58″ a distance of 107.47 feet; thence on azimuth 153°26′58″ a distance of 30.00 feet; thence on azimuth 65°48′10″ a distance of 150.46 feet; thence on azimuth 342°29′47″ a distance of 30.00 feet to the point of beginning. Containing 1.419 acres or less.

subject to the condition that if at any time after thirty (30) years the Government ceases to use the above described property for educational school purposes, such property shall revert after one (1) year on non-use for educational purposes to the Talo, Taamai and Talaeai titles.

Costs in the sum of $10.00 are hereby assessed against Faiumu Mana and Sialo'i Fesili, each to pay $5.00 within thirty (30) days.